McFarland, J.,
delivered tbe opinion of tbe court.
This action of ejectment was brought by Hiram Wills against James Cooper. The verdict and judgment were for the plaintiff, and the defendant has appealed in error.
The facts are not controverted.
The land sued for was the shares of Rosannah Wills, in the lands of her deceased father, Robert Cooper, which was laid off to her nearly fifty years ago. Two or three years after the partition, John Wills, the husband of Rosannah, made a parol sale of the land to the defendant Cooper, who went into actual possession and has retained it ever since, claiming adversely to all others. No deed or other writing was ever executed. Rosannah Wills died some fifteen years before this action was brought. Her husband, John Wills, survived her, but died about one *392 year before the action ivas brought. The plaintiff, Hiram Wills, is a son of said John and Rosannah Wills. He claims title as heir of his mother, and also under a deed from his father and three of the other children.
The law applicable to this state of facts, we think, is well settled.
The adverse possession of the defendant Janies Cooper, for more than 'seven years before the death of Rosannah Wills, was -a complete bar to- the joint right of action of the husband and wife under the second section of the statute of limitations [Code, sec. 4458], and raised a presumption of a grant in his favor, the possession having continued more than twenty years. Rosannah Wills had, under the saving -of the statute [Code, sec. 4465], three years only after discoveture, in which to sue. This right devolved at once upon her heirs at her death, and not having brought the suit within the three years from her death, their remedy, and probably their right, was clearly gone.
The doctrine of the case of McCorry v. King, 3 Hum. [266], does not apply to this case. When the husband, tenant by the curtesy initiate, conveys by his deed the land of the wife, this operates as a severance of the joint estate of the husband and wife. They cannot sue during the coverture, for the husband is estopped by his deed, and the wife cannot sue alone. If the husband survive, the purchaser is held to be vested with an estate for the life of the husband by virtue o-f his deed, and the he-irs of the wife cannot sue until the termination of this life estate, find as the statute does not begin to run against them until that time, they have seven years from the termination of this life estate in which to- sue. But these results do not follow where the husband does not make a deed for the land, but only a parol sale. The difference- is that he is not estopped from suing by such parol sale as he would bo by his deed. A right of action instantly accrues to the husband and wife upon the adverse possession being *393 taken, and this joint action is barred in seven years. The husband’s remedy 'is barred absolutely.
The wife or her heirs have the saving of the statute (three years after discoverture), in which to sue. In such case there is, upon the death of the wife, no separate life estate of the husband, either in him or his parol vendor. These principles, we think, will be found to be clearly settled upon an examination and comparison of the cases' of Miller v. Miller, Meigs’ Reports, 488; McCorry v. King’s heirs, 3 Hum [266]; Guion v. Anderson, 8 Hum. [278]; McClung v. Sneed, 3 Head [218]; Weisinger v. Murphy, 2 Head [674]. The same question was before this court at the last term, in the case of Lusong and Stokeley v. Bird and Slaydon, except that in that case the husband had executed a title bond. Two of the judges were of opinion that the execution of the bond had the same effect as the execution of a deed, and brought the case within the doctrine of McCorry v. King’s heirs, and cases of that class, but the majority held that the action was barred at the expiration of three years from the death of the wife. In this case there was not even a title bond. The whole theory of the charge in the present case upon this question is erroneous.
It is unnecessary to notice the question of champerty.
The judgment must be reversed and the cause remanded for a new trial.